**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

David P. Honan, in his capacity as Cottonwood County Attorney and in his individual capacity,

Plaintiffs,

Civil No. 01-2238 JEL/JGL

v.

**PROTECTIVE ORDER AND ORDER FOR RELEASE OF CERTAIN INVESTIGATIVE DATA**

County of Cottonwood, Minnesota; Former Commissioner Marvin Einertsen (individual and then-official capacities: Commissioner Kenneth Elg (official/individual capacities); Former Commissioner Wendy Meyer (then-official/individual capacities); Commissioner Marlow Nelsen (official/ individual capacities); Commissioner John Oeltjenbruns (official/individual capacities); 2001-2003 Term Cottonwood County Board of Commissioners, the entity and: Commissioners Elg, Oeltjenbruns, and Nelsen (official/individual capacities); Brian T. Pierce (an individual), Scott T. Anderson, an individual, and his firm Ratwick, Roszak & Maloney, P.A.

Defendants.

---

WHEREAS, Defendant Cottonwood County received complaints in 1999 and 2000 from two county employees alleging violation of certain rights by Cottonwood County and County Attorney David Honan, and;

WHEREAS, Cottonwood County retained the services of Michelle M. Soldo, Attorney at Law, ("Soldo") for the purpose of investigating the first complaint, and;

JUL 1 1 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

WHEREAS, Cottonwood County retained the services of Theresa Pautz, Attorney at law, ("Pautz") for investigation of a second complaint, and:

WHEREAS, Soldo and Pautz completed their investigations and turned their reports over to Cottonwood County during the year 2000, and;

WHEREAS, Counsel for defendants Cottonwood County and David Honan disagree as to the legal status of the Soldo and Pautz reports as follows:

(A) Counsel for Defendant Cottonwood County contends that the Soldo and Pautz reports constitute "investigative data" as defined in Minn. Stat.§ 13.39 containing both protected non-public data pursuant to § 13.02 subd. 13 and confidential data pursuant to § 13.02, subd. 3, and;

(B) Counsel for Defendant Honan disputes the above characterization of the data at issue, and affirmatively asserts (based upon knowledge and belief, without having reviewed the documents) that the Soldo and Pautz reports constitute private data about Honan, as defined in Minn. Stat. §§13.02, subd. 12, and 13.43. As such, that data at issue is accessible to Mr. Honan as the individual subject of that data without court intervention, and not to the public, and;

WHEREAS, David P. Honan has now commenced the present civil action against Cottonwood County, and;

WHEREAS, counsel for Honan has served Interrogatories and Requests for Production of Documents directed at Defendant Cottonwood County, and;

WHEREAS, counsel for Honan has brought a motion before this Court requesting release of the Soldo and Pautz reports pursuant to Minnesota Statutes, Section 13.03, Subd. 6.

WHEREAS, Defendant Cottonwood County has requested a determination of discoverability, and, in the event they must produce the reports, an appropriate Protective Order and has declined to release the Soldo and Pautz Reports without such an order, and:

WHEREAS, the Court has determined that the Soldo and Pautz reports are relevant and contain data necessary to Plaintiff's prosecution of his lawsuit, and are, therefore, discoverable, and;

WHEREAS, the Court has further determined that the interests of Plaintiff in seeking the data outweighs any harm to the confidentiality interests of Cottonwood County and that the interests of persons providing the data are sufficiently protected by a confidentiality order;

NOW, THEREFORE, THE COURT HEREBY ORDERS;

1. Cottonwood County shall release copies of the Soldo and Pautz reports to counsel for Plaintiff David P. Honan, Jill Clark Esq., of Jill Clark P..A. located at 2005 Aquila Ave. No., Golden Valley, Minnesota 55427 and Wayne J. Rice Esq., of The Law Office of Wayne Rice, P.A., located at 2124 Dupont Ave. So.., Minneapolis, Minnesota 55402.

2. Consistent with the terms of the Protective Order set forth below, the data released pursuant to paragraph 1 may only be used in discovery, including depositions, and, unless otherwise disallowed by law, in support of motions and at trial in the above referenced matter.

**PROTECTIVE ORDER**

A. This Protective Order shall apply to the Soldo and Pautz investigation reports notwithstanding the County's and Honan's characterization of the data in the report.

B. The data defined in paragraph A may be released to Plaintiff, David P. Honan, through discovery, including depositions, and at trial in the above-referenced matter, by Cottonwood County.

C. The data defined above may also be released only to:

(1) the attorneys of record for Plaintiff, David Honan, and their office staff who must be shown the information for purposes of this litigation;

(2) representatives of Meadowbrook Insurance Group and the Minnesota Counties Insurance Trust;

(3) the Court;

(4) outside consultants and experts retained by the parties for the purpose of assisting in the preparation for trial, settlement or mediation of this case;

(5) witnesses who will testify at trial and who provided information in creation of the reports.

(6) any individual to whom the parties have consented to assist in mediation of this dispute.

D. Before making disclosure of discovery data referenced in paragraph A, an individual must be informed by the person disclosing the data of the existence of this Protective Order and the individual must agree in writing to be bound by the Order.

E. No discovery of the information defined in paragraph A of this Order shall be used or communicated by any person receiving it for any purpose other than preparation for trial, motions, mediation or settlement of this matter.

F. There shall be no reproduction whatsoever of the discovery referenced in paragraph A of this Order except that, as required for the purposes specified in this Order. Copies, excerpts or summaries may be shown or given to those authorized to receive the data as specified by this Order.

G. If the subject matter addressed in paragraph A of this Order is referred to by parties in depositions, those portions of the depositions shall be designated as "confidential" under the Agreement and subject to the Protective Order.

H. If the subject matter addressed in paragraph A of this Order is referred to by the parties in any documents filed with the Court including but not limited to pleadings and exhibits, those documents shall be sealed in a separate envelope marked "confidential" and shall be subject to the Protective Order.

I. Nothing in this Order shall prevent any party or non-party from seeking a modification of this Order or objecting to discovery which it believes to be otherwise improper.

J. The provisions of this Order shall not be construed as in any manner limiting the introduction of evidence at trial in this matter. All documents produced through discovery may be introduced at trial consistent with the Rules of Evidence and the Laws of the State of Minnesota.

K. The parties acknowledge that by entry of this Protective Order, Plaintiff does not waive any right he may have with respect to such data, including, without limitation, any argument he may have at a later date regarding:

a.. characterization of the data as available to Plaintiff without a motion or court order;

b. Plaintiff's right to access the data;

c. judicial determination of the status of the data under the Minnesota Government Data Practices Act; and

d. Plaintiff's entitlement to whatever relief is available for the County's failure to produce the data at the time he first requested it.

Dated: July 11, 2002.

By ______________________
Magistrate-Judge Jonathan Lebedoff