**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**DAVID P. HONAN,**

Plaintiff,

v.

**COUNTY OF COTTONWOOD, MARVIN EINERTSEN, KENNETH ELG, WENDY MEYER, MARLOW NELSEN, JOHN OELTJENBRUNS, COTTONWOOD COUNTY BOARD OF COMMISSIONERS, BRIAN T. PIERCE, SCOTT T. ANDERSON, and RATWICK, ROSZAK & MALONEY, P.A.,**

Defendants.

Civil No. 01-2238 (JEL/JGL)

**ORDER**

---

APPEARANCES

Jill Clark, Esq., for Plaintiff David P. Honan

Richard A. Beens, Esq., and Eric Riensche, Esq., for Defendants Cottonwood County, Marvin Einertsen, Kenneth Elg, Wendy Meyer, Marlow Nelsen, John Oeltjenbruns, and the Cottonwood County Board of Commissioners

Jason J. Kuboushek, Esq., for Defendant Brian T. Pierce

Charles Lundberg, Esq., for Defendants Scott T. Anderson and Ratwick, Roszak & Maloney, P.A.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on August 23, 2002 on

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff's Motion for Order to Commence Deposition and Non-Written Discovery (Doc. No. 44). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

On May 20, 2002, the magistrate judge to whom this case was originally assigned, the Honorable Susan R. Nelson, orally ordered that deposition discovery would be stayed in this case pending Defendants' Harlow motions, but Judge Nelson allowed written discovery to proceed. Thereafter, by written order on May 22, 2002, Judge Nelson denied Defendants' motion to stay discovery. Subsequently, Defendants brought Rule 12 dispositive motions, which they classify as Harlow motions, before the District Court. Plaintiff brings the instant motion seeking clarification of Judge Nelson's order or to be allowed to proceed with deposition discovery even though Defendants' dispositive motions are pending.

Plaintiff's motion is denied. The parties agree that Judge Nelson clearly ruled on May 20, 2002 that deposition discovery would be stayed pending early Harlow motions. This Court will not disturb that oral order. Although Plaintiff asserts that Defendants did not rely on Harlow in their dispositive motions, Defendants assert they have and have identified the relevant portions of their memoranda. Thus, the Court has also looked to other factors in deciding Plaintiff's motion. First, the District Court is

scheduled to hear Defendants' dispositive motions on Monday, August 26, 2002. Plaintiff will suffer little prejudice by waiting for the resolution of these motions. Furthermore, as this Court indicated at the motion hearing, considering the procedural history of the case this far, the Court would be amenable to extending the discovery period if the depositions cannot be completed within the allocated timeframe due to the partial stay. However, the Court urges the parties to attempt to comply with the current pretrial schedule. Finally, the Court notes that the stay applies only to deposition discovery; written discovery is proceeding.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Order to Commence Deposition and Non-Written Discovery (Doc. No. 44) is **DENIED.**

Dated: August 26, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge